IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,727-01






EX PARTE JIMMY LATHEL GIDDENS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 18,480-C IN THE 278
TH JUDICIAL DISTRICT COURT


FROM WALKER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary with
intent to commit sexual assault and, following the revocation of probation, he was sentenced to eight
(8) years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel did not investigate the facts
of the case or attempt to interview the complainant, so that neither he nor Applicant learned prior
to trial that the complainant would have testified that she did not make the statements contained in
the police report, if Applicant had pleaded not guilty. Alternatively, Applicant has alleged actual
innocence based on newly discovered evidence. The application includes an affidavit from the
complainant in which she states that Applicant did not commit the offense, she did not allege that
he committed the offense, and after she made an initial statement to a law enforcement officer, no
one contacted her prior to trial.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In addition, counsel should
be given an opportunity to respond. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary and that he is actually innocent. The trial court shall determine
whether Applicant received the effective assistance of counsel and shall assess the reliability and
weight of the new evidence. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 8, 2006

Do not publish